### SNOW et al. v. CHURCH et al.

(Supreme Court, Appellate Division, Second Department. January 12, 1897.)

CORPORATIONS—AGREEMENT BY MAJORITY STOCKHOLDERS TO CONTROL.

    An agreement by three directors, controlling a majority of the stock of a corporation with a capital of only $125,000, to vote, as stockholders and directors, for the election of each other, or such persons as they should, respectively, nominate to the offices of president, treasurer, and auditor, respectively, in said company, so long as each should remain such stockholder and desire such office, and to vote an increase of $2,500 to the annual salary of each of said officers, is prima facie illegal.

Appeal from special term, Rockland county.

Action by Frederick W. Snow and others, stockholders in the Ramapo Iron Works, against George Church, Charles B. Church, and William W. Snow, three of the directors of said corporation, complaining of an agreement between the defendant directors to vote each other to offices and large salaries in said corporation, to the exclusion of all other stockholders. From judgment overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

W. P. Williams, for appellants.

F. L. Westbrook, for respondents.

GOODRICH, P. J. The complaint alleges that the Ramapo Iron Works is a corporation with a capital of $125,000, divided into 1,250 shares, of $100 each. Of this stock, the plaintiffs together own 216 shares, and the defendant directors 853 shares, the balance being owned by persons not parties to this suit. At the time of the agreement hereinafter referred to, the plaintiff Frederick W. Snow, the defendants, George Church, Charles B. Church, and William W. Snow, and one R. J. Davidson, were the directors of the corporation. On March 16, 1896, the defendant directors entered into a tripartite agreement whereby they agreed to "so vote the stock held by them, respectively, in the said Ramapo Iron Works, so long as they shall be stockholders thereof, that, at all elections of directors for said company, three persons who shall be named for directors by the said William W. Snow shall be duly elected directors thereof, and that two persons who shall be named for directors by the said George Church and Charles B. Church shall be duly elected directors thereof." At this time George Church was president and treasurer of the corporation, receiving a salary of $2,500 a year as such treasurer, Charles B. Church was assistant treasurer, without salary, and William W. Snow was vice president, without salary. The agreement provided that the salary of George Church should be increased to $5,000; that William W. Snow was to receive a salary of $2,500, with the right to appoint a successor; that a new office, to be known as "auditor," should be created, and filled by Charles B. Church so long as he lived, or elected to retain the office, at a salary of $2,500 per year; the salaries of the three persons being thus increased from $2,500 a year to the aggregate of $10,000, in a company the capital stock of which was only $125,000. The agreement further provided that the defendant directors should "jointly and severally exercise their best endeavors and use their best influence, and, to that end, vote, both as stockholders and directors of said Ramapo Iron Works, so long as they shall be directors and stockholders thereof," to continue the defendant directors in office, with the right of substitution in case of their death or resignation, at the salaries above stated. It also had other provisions for the carrying out of this contract. This agreement was an unlawful combination, entered into by a majority of the directors and owners of a majority of the stock, for the purpose of

42 N.Y.S.—68

perpetuating themselves and their successors in office and control of the company, not only during their own lives, but for years after their death, without regard to the rights of a minority of the directors and stockholders. It makes no difference whether the bargain was morally a corrupt one or not, or whether it was intended to be an agreement for the benefit of all the stockholders of the company, and in the best interests of the corporation. For the purpose of this appeal, the agreement appears to be an abuse of the trust committed to the directors, and, prima facie, is illegal. If it is otherwise, and can, on any state of facts, be upheld (as to which we express no opinion), those facts must be made to appear on trial, after answer. The elementary principle which controls the execution of trusts is that a trustee shall not use his position as a trustee for his own advantage, and that he shall not place himself in a position where his interest is, or may be, in conflict with his duty. Bisp. Eq. § 143; Ten Eyck v. Craig, 62 N. Y. 419. The agreement being illegal, it will be presumed injurious to the stockholders.

The judgment overruling the demurrer is affirmed, with costs, with leave to the defendants, within 20 days, to answer, upon payment of costs. All concur.